Filed 6/16/15  P. v. Castaneda CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062547 |
| v. | (Super.Ct.No. RIF098886) |
| CESAR CORTEZ CASTANEDA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Cesar Cortez Castaneda, in pro. per.; Joanna McKim, under appointment by the

Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# I

# STATEMENT OF THE CASE

In 1982, defendant and appellant Cesar Cortez Castaneda was charged with committing robbery, a violation of Penal Code section 211;[1] he was ultimately convicted and sentenced on that case. In 1999, defendant pled guilty to committing another robbery under Penal Code section 211. On August 25, 2005, defendant was convicted on two counts of attempted carjacking under Penal Code sections 215, subdivision (a), and 664. He also pled guilty to possession of a controlled substance under Health and Safety Code section 11350. Defendant received a sentence of 35 years to life in state prison under the "Three Strikes" law under Penal Code sections 1170.12, subdivisions (a) through (d), and 667, subdivisions (b) through (i).

On November 3, 2014, defendant filed an in propria persona petition for resentencing under Proposition 36, the Three Strikes Reform Act of 2012, section 1170.126. On November 3, 2014, the trial court denied defendant's petition on the ground that "defendant's criminal history makes him[] ineligible for resentencing because he was convicted of 664/215 [attempted carjacking] PC, a strike offense."

Defendant filed timely notices of appeal from the denial of his motion under section 1170.126.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

2

## II[2]
## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. Defendant has filed a one-page handwritten brief. In his brief, he requests a 60-day extension to file another supplemental brief. Defendant also requests new counsel since his current appellate counsel filed a *Wende* brief and did not raise any substantive issues. In essence, defendant is arguing ineffective assistance of counsel (IAC). We shall address defendant's brief.

First, we note that there is no need to grant a 60-day extension for further briefing. Here, the only issue is whether the trial court erred in denying defendant's section 1170.126 motion. The trial court found that "defendant is ineligible for resentencing pursuant to PC 1170.126. . . . Defendant's criminal history makes him ineligible for resentencing because he was convicted of 664/215 PC a strike offense."

Section 1170.126 provides, in pertinent part, "(b) Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of

---

[2] The facts of the underlying case are not relevant because the only issue on appeal relates to defendant's sentence.

subdivision (e) of Section 667 . . . upon conviction . . . of a felony . . . that [is] not defined as serious . . . by subdivision (c) . . . of Section 1192.7, may file a petition for a recall of sentence . . . [¶] . . . [¶] (e) An inmate is eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to . . . subdivision (e) of Section 667 . . . for a conviction of a felony . . . that [is] not defined as serious . . . by subdivision (c) . . . of Section 1192.7." Section 1192.7, subdivision (c) provides, in pertinent part, "As used in this section, 'serious felony' means any of the following: [¶] . . . (27) carjacking . . . (39) any attempt to commit a crime listed in this subdivision other than assault . . . ."

Because defendant's current offense was for attempted carjacking, the trial court did not err in concluding that he was ineligible for recall of his sentence under section 1170.126. Therefore, there is no need for an extension of time for defendant to file another supplemental brief.

Moreover, defendant essentially argues that counsel provided IAC for filing a *Wende* brief instead of presenting substantive arguments on appeal and requests new appellate counsel. Defendant's argument is without merit because under the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have to independently review the record for potential error. Simply filing a *Wende* brief does not deem a counsel's performance as ineffective. Furthermore, as provided above, defendant is ineligible for resentencing under section 1170.126. There was nothing for counsel to argue on behalf of defendant regarding the trial court's denial of his section 1170.126 motion.

4

We have examined the entire record and are satisfied that no arguable issues exist, and that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*People v. Kelly*, *supra*, 40 Cal.4th 106.)

## III

## DISPOSITION

The trial court properly denied defendant's petition for resentencing. The trial court's order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

J.

We concur:

RAMIREZ

P. J.

MILLER

J.

5